### HEPSABATH WHITNEY *vs.* EASTERN RAILROAD COMPANY.

The plaintiff, in an action to recover the value of personal property, may testify that he was the owner of it, although one of his witnesses has testified to facts tending to show owner-ship in another person; and if the plaintiff has so testified, the case should not be with-drawn from the jury, and a verdict directed for the defendant, for want of evidence by the plaintiff of a transfer of the property to him by the person referred to in the testimony of his witness.

ACTION containing counts in contract and tort, against common carriers, for a failure safely to carry and deliver four quilts, nine rugs and other household furniture, and for a conversion thereof. The answer, amongst other things, denied that the articles were the property of the plaintiff.

At the trial in the superior court, before *Rockwell,* J., the plaintiff introduced the deposition of her daughter, which tended to show that the property was owned by the plaintiff's husband. The plaintiff's deposition was then introduced, in which, in reply to an inquiry, " Who was the owner of the property at the time ? " she testified, " I owned it; " and in reply to another question she stated that the quilts and rugs were all made within a year from the time they were sent, " and they were mine because I bought and paid for them and made them." The defendant objected that the plaintiff could not be allowed to contradict the evidence of her daughter, as to the ownership of the articles; but the judge overruled the objection. The judge then inquired of the plaintiff's counsel whether he should introduce any other evidence to show a transfer of the property to the plaintiff, or a purchase by her; and, being answered in the negative, stated that in his opinion the deposition of the plaintiff's daughter proved that the property was in the plaintiff' husband, and the deposition of the plaintiff did not prove any subsequent purchase by her or transfer to her, and that such proof was necessary **in** order to maintain the action. A verdict was accordingly taken for the defendants and the plaintiff alleged exceptions.

*J. S. Abbott,* for the plaintiff.

*C. M. Ellis,* for the defendants.

DEWEY, J.* The testimony of the plaintiff was competent, although it might contradict the testimony of a witness introduced by her. A party to an action may always disprove the statement of his own witness as to facts testified to by him, although he is not to discredit such witness by showing his general reputation for truth and veracity to be bad. The presiding judge correctly ruled in this respect, and admitted the evidence of the plaintiff. Having done so, the case was properly for the consideration of the jury upon all the evidence, under proper instructions as to what would constitute ownership of property by the plaintiff, she being a married woman. The plaintiff had testified that " she owned it." She had also, in another part of her testimony, stated that some of the articles she bought. This testimony was in terms sufficient to sustain her title to the same. It was, however, to be taken in connection with the other testimony in the case, and passed upon by the jury under proper instructions. *Exceptions sustained.*

---

* BIGELOW, C. J. did not sit in this case.